MAY BROTHERS, APPELLANTS, v. JOHN D. HOOVER, JR., ET AL., APPELLEES.

FILED APRIL 21, 1896.    No. 6546.

Fraudulent Conveyances: EVIDENCE.   Evidence examined, and *held* to sustain the conclusion of the district court that the conveyance assailed in this action as fraudulent was neither made nor accepted with the intent to defraud, hinder, or delay the creditors of the appellees.

APPEAL from the district court of Madison county. Heard below before JACKSON, J.

*Albert & Reeder*, for appellants.

*Campbell & Wallis, contra.*

RAGAN, C.

May Bros. brought this suit in equity in the district court of Madison county against John D. Hoover, Jr., and wife and John D. Hoover, Sr., to have set aside a convey-

ance of real estate made in December, 1888, by Hoover, Jr., and wife to Hoover, Sr. May Bros. alleged that the conveyance was without consideration and made for the purpose of hindering, delaying, and defrauding them and other creditors of Hoover, Jr. The district court found the issues in favor of the defendants below and dismissed the case, and from this decree May Bros. have appealed.

It appears from the evidence in the bill of exceptions that for some years prior to 1881 Hoover, senior and junior, being father and son, were copartners owning and operating a store and a mill at Battle Creek, Nebraska. In January, 1881, the father and son dissolved their co-partnership relations, the father selling out his interest in the copartnership property to the son. The price agreed to be paid by the son to the father was about $7,000, for which the son executed his promissory notes to his father. The son continued in business alone until December, 1888. At that time he and his wife conveyed to the father the real estate previously owned by the co-partnership and some other property. This is the conveyance assailed as fraudulent in this action. The principal consideration for this conveyance was the debt and the interest thereon owing by the son to the father, contracted in 1881, as already stated, said debt being past due and wholly unpaid. These facts are practically undisputed. The district judge was of opinion, and we agree with him, that the appellees made it appear on the trial that the conveyance was made in good faith and for a valuable consideration, and not made with intent to defraud, hinder, or delay the creditors of Hoover, Jr.

It is insisted by appellants in their argument here that the evidence does not show that Hoover, Sr., paid a valuable consideration for the property. We think it does. What that consideration was has already been stated. There is also some evidence in the record which shows that Hoover, Sr., worked for the son in the mill or store after the father and son dissolved copartnership, and that when the conveyance assailed by this suit was made, the

value of Hoover, Sr.'s, services was taken into considera-
tion in fixing the price to be paid for the property.    There
is a conflict in the evidence as to the value of the property
conveyed by Hoover, Jr., to Hoover, Sr., in December,
1888, but the evidence would sustain a special finding,
had one been made, that the property conveyed to
Hoover, Sr., was not worth any more than he paid for it.
It also appears from the record that after the son and
wife sold and conveyed the real estate in controversy to
the son's father, the latter conveyed a part of such real
estate to the son's wife.    It is insisted by the counsel
for the appellants that this shows the transaction to be
fraudulent.    We think this was at most a circumstance
to be considered with all the other facts and circum-
stances in the case in determining whether or not the
transaction between the father and son was made in good
faith, but we do not think it was conclusive evidence of a
fraudulent intent on the part of any of the parties.    If
the conveyance made by the son to the father was made
and accepted in good faith, for an honest purpose and
without any intent on the part of either of them to de-
fraud, delay, or hinder the creditors of Hoover, Jr.,—and
the district judge has found that such conveyance was so
made and accepted, and the evidence sustains his find-
ing,—then Hoover, Sr., might do what he pleased with
the property afterwards.    He might keep it, sell it to
Hoover, Jr.'s, wife or to any one else, or give it away;
and, except as against his own creditors, no one would
have a right to complain.

   The appeal presents no disputed question of law, but
simply the question whether the district court reached
the proper conclusion under the evidence.    If the district
court had found that the conveyance was fraudulent, we
seriously doubt if the evidence would have sustained such
finding.    Certainly we cannot say, under the evidence
before us, that the finding of the district court lacks suf-
ficient evidence to support it, and its decree is therefore

                                              AFFIRMED.