JOHN LAVIGNE V. JOHN TOBIN ET AL.

FILED NOVEMBER 18, 1897. No. 7574.

1. **Creditor's Bill: PLEADING: HUSBAND AND WIFE.** A creditor's bill which seeks to have real estate conveyed to a wife by a stranger subjected to a judgment against the husband, which does not allege that the debt of the husband existed at the date of such conveyance, nor that the husband caused the conveyance to be made to his wife in expectation of becoming indebted, does not state a cause of action.

2. **Husband and Wife: GIFTS TO WIFE.** Except as against existing creditors and as against those to whom he contemplates becoming indebted, one may gratuitously convey his property to his wife.

ERROR from the district court of Nemaha county. Tried below before BUSH, J. *Affirmed.*

*John S. Stull* and *C. P. Edwards,* for plaintiff in error.

*Sloan & Moran, contra.*

RAGAN, C.

John Lavigne brought a suit in equity in the district court of Nemaha county against John, Ida, and Thomas Tobin, Bernard A. Minnig, and Margaret A. Ferguson. The district court, after hearing the evidence of the plaintiff below, dismissed his petition and he brings that judgment here for review on petition in error.

In his petition Lavigne alleged that in October, 1890, he recovered a judgment against the defendant John Tobin for $561 and costs; that execution had been issued and returned wholly unsatisfied; that the judgment remained wholly unpaid and that Tobin was insolvent. The petition further alleged that in January, 1888, a man named Stevenson, for a valuable consideration, conveyed certain real estate to the defendant Ida Tobin, wife of John Tobin; that John Tobin paid Stevenson the consideration for this real estate and had it conveyed to Tobin's wife for the purpose of placing it beyond the reach of Tobin's creditors. The petition then alleged the conveyance by Ida Tobin and her husband of a part of this land to the defendant Thomas Tobin, and another portion of it to Minnig, and that these two last-named parties had mortgaged their respective pieces of land to the defendant Ferguson. The bill charged that all these conveyances were for the purpose of defrauding the creditors of John Tobin. The prayer was that the mortgage of Ferguson, the deeds of Thomas Tobin and Minnig might be set aside, and that the title to the real estate be declared held in trust by Ida Tobin for her husband, John Tobin, and sold to satisfy Lavigne's judgment.

We think the district court reached the correct conclusion from the evidence before it. We shall not restate this evidence, or any of it, but rest our affirmation of the judgment of the district court upon the ground that this petition does not state a cause of action. There is no allegation in the petition that at the time Stevenson conveyed this land to John Tobin's wife in 1888 John Tobin was then indebted to Lavigne. From aught that appears from the petition, Lavigne's debt was contracted more than two years after this conveyance was made. Nor does the petition allege that at the time Tobin caused Stevenson to convey this real estate to the former's wife he did so with the expectation of contracting the debt made the basis of this creditor's bill. If

Tobin, as the bill alleges, paid the consideration for the real estate conveyed to his wife by Stevenson, and if, at that time, he was not indebted to Lavigne and not expecting or intending to become indebted to him, then Lavigne has no ground of complaint. Except as against his then existing creditors, and except as against those to whom he contemplated becoming indebted, Tobin might have taken the title to this real estate in his name, and then gratuitously conveyed it through a trustee to his wife, and no creditor of his, whose debt was contracted subsequent to that time, could assail the conveyance or gift. (*Jansen v. Lewis*, 52 Neb., 556; *May v. Hoover*, 48 Neb., 199.) The judgment of the district court is

AFFIRMED.